IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST WESLEY RYKARD,<br>    *Petitioner*, | :<br>:<br>:    CIVIL ACTION |
| v. | :    NO. 13-2837<br>: |
| STEVEN A. GLUNT, and<br>ATTORNEY GENERAL OF<br>PENNSYLVANIA,<br>    *Respondents*. | :<br>:<br>:<br>: |

## ORDER-MEMORANDUM

**Jones, II     J.**                                                                                          September 17, 2019

**AND NOW**, this 17th day of September, 2019, upon careful and independent consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1-1), the Report and Recommendation of the Honorable Henry S. Perkin, United States Magistrate Judge (ECF No. 23), Petitioner's Objections to the Report and Recommendation (ECF No. 27) and Petitioner's Motion to Supplement (ECF No. 29), it is hereby **ORDERED** as follows:

1. This case is returned to **ACTIVE** status.[1]

2. The Report and Recommendation (ECF No. 23) is **APPROVED and ADOPTED.**

---

[1] On January 2, 2015, Rykard requested a stay to "allow the State Court to address petitioner's newly discovered evidence." ECF No. 9. The Court granted his request on February 25, 2015 and continued to hold the case in Suspense for years thereafter as Petitioner allegedly prepared newly discovered evidence regarding his multiple ineffective assistance of counsel claims to present to the Court of Common Pleas. *See, e.g.* ECF Nos. 12, 15, 17, 18, 19. Given the time that has elapsed since placing this case in Suspense, Rykard's failure to present any new evidence or a meritorious case of ineffective assistance of counsel, as set forth in the Discussion, *infra*, and Rykard's failure to file a PCRA petition in the Court of Common Pleas, this case will now be returned to active status to address the merits of the Petition. As noted in the Report and Recommendation, even if Rykard filed a PCRA petition as of the date the R&R was filed, "a petition containing any of the 18 claims currently before this Court would be untimely filed in state court." R&R at 5.

3. The Objections to the Report and Recommendation are construed with the Motion to Supplement (ECF Nos. 27, 29) and **OVERRULED**.

4. The Petition for Writ of Habeas Corpus (ECF No. 1-1) is **DENIED WITH PREJUDICE**.

5. There is no basis for the issuance of a certificate of appealability.

6. The Clerk of Court is directed to **CLOSE** this case for statistical and all other purposes.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner Ernest Wesley Rykard ("Rykard") does not object to the recitation of the relevant factual and procedural background set forth in the Report and Recommendation ("R&R"). *See* Obj. R&R (ECF No. 27); *see also* Mot. Supp. (ECF NO. 29). As such, and upon independent verification of the record, this Court adopts the following facts and procedural history set forth by Magistrate Judge Perkin.

> Here, the record reveals that Ms. Rosario-Casanova testified in detail as to [Petitioner's] involvement in the formulation of the plan to rob the victim and [Petitioner's] involvement in executing the plan. Ms. Rosario-Casanova testified that on November 29, 2006, she, Jacquin Carr, Rachel Rikita, and [Petitioner] decided to drive to the victim's house and rob him of cocaine. N.T. 3/5/08, at 495-520. Ms. Rikita called the victim and asked to buy 2 eight-balls of cocaine. *Id.* at.497. The group drove to the victim's house. *Id.* at 503. Jacquin Carr and [Petitioner] were lying in wait for the victim to come outside. *Id.* at 506. When the victim came outside, Jacquin Carr and [Petitioner] grabbed the victim and held him down. *Id.* at 509. Jacquin Carr held the victim down while [Petitioner] pointed a gun at the victim's head and Ms. Rosario-Casanova took drugs from the victim's pockets. *Id.* at 509-511. Ms. Rosario-Casanova testified that while Jacquin Carr held the victim face-down on the ground, [Petitioner] aimed the gun at the back of the victim's head. *Id.* at 513. Ms. Rosario-Casanova got back into the car, and [Mr. Carr and Petitioner] joined her shortly. *Id.* at 517. The group then fled. *Id.* Ms. Rikita's testimony corroborated Ms. Rosario-Casanova's. *See Id.* at 647-659. *Commonwealth v. Rykard*, No. 1399 MDA 2008; Respondents' Exhibit I at p. 5.
>
> Rykard was arrested and tried before a jury in the Court of Common Pleas of Lancaster County before the Honorable Dennis E. Reinaker. On May 22, 2008, he

was found guilty of second degree murder. On April 1, 2008, petitioner was sentenced to life imprisonment.

Rykard appealed. On May 14, 2009, the Superior Court of Pennsylvania affirmed the conviction, and on November 30, 2009, the Supreme Court of Pennsylvania denied further review. *Commonwealth v. Rykard*, No. 1399 MDA 2008; Respondents' Exhibit I.

On October 25, 2010, Rykard filed a *pro se* petition for collateral review in state court pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et seq.* Counsel was appointed to represent petitioner, but after reviewing the record, he filed a "no merit" letter, pursuant to *Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley,* 550 A.2d 213 (Pa. Super. 1988). In the letter, PCRA Counsel addressed his reasons for not pursuing the four claims in Rykard's *pro se* PCRA petition and a fifth claim that petitioner had asked him to pursue. Respondents' Exhibit M.

On December 31, 2010, the PCRA Court issued a notice of intent to dismiss pursuant to Rule 907, advising petitioner of his right to file further *pro se* challenge. Respondents' Exhibit N. On May 23, 2011, petitioner filed a response to the notice of intent to dismiss, arguing that the no merit letter was deficient and raising several new claims. Respondents' Exhibit O. On May 27, 2011, the PCRA Court dismissed the petition.

Petitioner appealed the dismissal. On September 18, 2012, the Superior Court of Pennsylvania affirmed the denial of the PCRA petition. *Commonwealth v. Rykard,* 1120 MDA 2011; Respondents' Exhibit V. On May 2, 2013, the Pennsylvania Supreme Court denied the petition for allowance of appeal.[2]

On May 21, 2013, petitioner filed the present habeas petition and a related memorandum of law in the Middle District of Pennsylvania, raising seven claims, several with subparts. Upon review, the Court transferred the petition to this Court for review, since petitioner's conviction was obtained against him in the Court of Common Pleas for Lancaster County, which is located in the Eastern District of Pennsylvania. [The Honorable C. Darnell Jones received his case and referred it to the Honorable Henry S. Perkin, United States Magistrate Judge, for a Report and Recommendation. ECF No. 2.] The Commonwealth filed a response to the habeas petition on August 26, 2013.

On January 2, 2015, petitioner filed a motion for stay and abeyance in this case, which was granted by the Honorable C. Darnell Jones, II, on February 25, 2015.

---

[2] On November 30, 2017, while the present habeas proceeding was pending, petitioner filed a motion "supplementing the currently filed motion due to recent court decision" in the Court of Common Pleas. On June 29, 2018, the motion was denied.

> On December 19, 2016, this Court ordered petitioner and the Commonwealth to file an update regarding the status of this case in state court. The Commonwealth argued that the stay should be lifted. Petitioner sought to continue the stay.
>
> In addition to the seven claims included in his original petition and memorandum of law, petitioner has submitted eleven additional claims through several supplemental pleadings. In total, eighteen claims have been presented to this Court. For the reasons set forth below, we conclude that the eleven claims included in Rykard's supplemental filings are barred by the statute of limitations. Further, we conclude that seven claims [t]hat were timely submitted are meritless. Accordingly, we recommend that his petition be dismissed with prejudice.

R&R at 1-3 (ECF No. 23).

After a careful, complete and exceedingly thorough review of the relevant filings, Magistrate Judge Perkin recommended that the Petition be denied. R&R at 3. Rykard timely filed objections (the "Objections") to the R&R (ECF No. 27), which this Court considers herein. Rykard then filed a Motion to Supplement his Objections (ECF No. 29), which is also considered herein. For the brief reasons that follow, the Objections are overruled, the Motion to Supplement is denied, and the Petition is denied.

### STANDARD OF REVIEW

I. **Petitioner's Objections to the Report and Recommendation**

Pursuant to 28 U.S.C. § 636(b)(1)(c), a district court reviewing a habeas corpus petitioner's objections to a magistrate judge's report and recommendation must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made." *Accord* Fed. R. Civ. P. 72(b). Where these prerequisites have not been met, the Third Circuit Court of Appeals has held that it is best to review dispositive legal issues addressed in the report for plain error or manifest injustice. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987*); see also Harper v. Sullivan*, No. 89-4272, 1991 WL 24908, at *1 n.3 (E.D. Pa. Feb. 22, 1991). Given Rykard's *pro se* status, the Court has construed the

Objections and Motion to Supplement as liberally as reasonableness will allow. *See Higgs v. Att'y Gen.*, 655, F.3d 333, 339 (3d Cir. 2011).

## II. The Antiterrorism and Effective Death Penalty Act of 1996

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides habeas relief pursuant to 28 U.S.C. § 2254(d) where a state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 367 (2000). Like most other federal statutory schemes of a similar nature, under the AEDPA a petitioner must comply with the statute's exhaustion requirement by permitting a state court a full and fair opportunity to address his or her claims. 28 U.S.C. § 2254(b)(1)(A). This one-year, statutory clock begins to run from "the date on which the judgment became final." 28 U.S.C. § 2244(d)(1)(A). "However, to prevent a 'fundamental miscarriage of justice,' an untimely petition is not barred when a petitioner makes a 'credible showing of actual innocence,' which provides a gateway to federal review of the petitioner's otherwise procedurally barred claim of a constitutional violation." *Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018) (*quoting McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To satisfy this standard, a petitioner must present: (1) "new, reliable evidence" that shows by a preponderance of the evidence "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Reeves*, 897 F.3d at 160.

## DISCUSSION

### I. Petitioner's Objections

Rykard sets forth eight numbered objections to the R&R that, in part, explain his difficulties in drafting this and prior filings, and, in part, object to the recommendations in the

R&R:

1. Rykard has been assisted with this and previous filings by Fred Ryder due to "Rykard's instability and limited cognitive functions." Obj. R&R at 1, ¶ 1 (ECF No. 27). Mr. Ryder thoroughly reviewed the record, however he is unsure what "Rykard filed specifically and when." *Id*.

2. The record doesn't demonstrate that Rykard received counsel on his first PCRA appeal, as the counsel who was appointed withdrew without filing a "no merit" letter. Obj. R&R at 1, ¶ 2.

3. The R&R recommends that the Petition be denied without explaining why each of the seven issues raised therein do not warrant review. Obj. R&R at 2, ¶ 3. As an example, "[t]he R&R dismisses ground number five related to the unknown tacit agreement between the commonwealth and Rosario Cassanova and Rachel Rakita, which also violated Brady. The R&R does not address that point." *Id*. And relatedly, "the court[']s R&R does not address the fact that Petitioner suffered ineffective assistance of counsel concerning this issue." Obj. R&R at 3, ¶ 3.

4. The R&R dismissed Ground II and III of the Petition regarding the admission into evidence of photographs taken of him hours after the shooting and of injuries caused by a "pistol whipping". The R&R doesn't address Rykard's ineffective assistance of appellate counsel failing to attach these photographs to his appellate brief. Obj. R&R at 4, ¶ 4.

5. "The Petitioner has no idea of the determination made by the trial court from the superior courts [sic] remand regarding the tacit agreements. Obj. R&R at 4, ¶ 5.

6. The R&R fails to consider Rykard's ineffective assistance of trial counsel regarding the lack of evidence presented regarding his state of mind at the time of the crime, which equals a miscarriage of justice, and supports an exception to the one-year statute of limitations in the AEDPA. Obj. R&R at 4-5, ¶ 6. Moreover, this Court should permit an evidentiary hearing to allow Petitioner to present evidence on this point. Obj. R&R at 5-6, ¶ 6.

7. "The Court should also determine if due to ineffectiveness [sic] on appeal as stated above amounts to miscarriage of justice . . . and in response trial counsel was ineffective at trial and on appeal . . . PCRA counsel was also ineffective." Obj. R&R at 6, ¶ 7.

8. Rykard should be given a certificate of appealability for all of the previously stated reasons. Obj. R&R at 6, ¶ 8.

Rykard also filed a Motion to Supplement the Objections that the Court construed with the Objections in so far as it appeared to raise new claims or objections to the R&R. In it he argues:

1. The need for a new trial based on newly discovered evidence regarding his attorney's failure to object to the lack of a "felony predicate offense" supporting his second-degree murder conviction. Mot. Supp. at 2, ¶ 4 (ECF No. 29).

2. Trial Counsel's ineffectiveness for failing to present the testimony of Jaime Shepler, despite Rykard's request that he do so. Mot. Supp. at 2, ¶ 5.

3. The Court should apply the holding from *Reeves v. Fayette SCI*, 897 F.3d 154, 164 (3d Cir. 2018) to his case: "when a petitioner assert[s] ineffective assistance of counsel based on counsel's failure to discover or present to the fact-finder the

very exculpatory evidence that demonstrates his actual innocence, such evidence constitutes new evidence for purposes of the *Schlup* actual innocence gateway." Rykard argues that he is entitled to an acquittal or a new trial because his claims of ineffective assistance of counsel evidence his actual innocence under *Reeves*.

II. **The Court Will Adopt the Report and Recommendation**

Petitioner's Objections and argument in the Motion to Supplement set forth five categories of dispute with the R&R: (1) ineffective assistance of trial and appellate counsel; (2) failure to receive PCRA counsel, which should have been afforded him as a matter of right; (3) failure to address the merits of the Petition; (4) improper dismissal of arguments related to the admission of certain photographs; and (5) new evidence demonstrating his actual innocence. As the ineffective assistance of counsel claims were raised throughout the Objections and Motion to Supplement, the Court will address these claims as they relate to the other claims he has raised. For the reasons that follow, the Court will overrule the objections raised and adopt the R&R.

A. **Failure to Receive PCRA Counsel**

Rykard argues that he was entitled to the appointment of counsel for his first appeal as of right, under the Post Conviction Relief Act ("PCRA"). Obj. R&R at 1, ¶ 2. He contends that the record does not demonstrate whether he was appointed such counsel, but if he was, counsel's withdrawal without filing a "no merit" violates his right to counsel. Obj. R&R at 1, ¶ 2.

The record demonstrates that after Rykard filed a *pro se* petition under the PCRA, he was appointed R. Russel Pugh, Esq. as counsel on October 25, 2010 and given leave to file an amended petition. Resp. Petition at Exs. M, N (ECF No. 8-3, pp. 21, 26). After a review of Rykard's petition, the transcripts of Rykard's trial, and speaking with Rykard, Mr. Hugh filed a no "merit letter" dated December 23, 2010, stating "the petition presents no issue of arguable

merit and is frivolous as a matter of law." Resp. Petition at Ex. M, p. 1. The Honorable Dennis E. Reinaker gave Rykard a Rule 907 Notice setting forth his intention to permit Mr. Pugh to withdraw as counsel and his intent to dismiss the petition without a hearing. Resp. Petition at Exs. M, N. By the time Rykard responded to the Court's Notice four months after the deadline, objecting to Mr. Pugh's no-merit letter based on Mr. Pugh's alleged failure to investigate and raise all of Rykard's issues from his *pro se* petition, Mr. Pugh had been permitted to withdraw and his petition had been dismissed. Resp. Pet. at Ex. O, pp. 3.

Thus, Rykard did receive appointed PCRA counsel and that counsel withdrew after filing a no-merit letter. As Rykard, notes, where first-time PCRA appointed counsel withdraws in this manner, there is no requirement that new counsel be appointed. Obj. R&R, p. 1, ¶ 2. Consequently, Rykard's objection on this basis is without merit.

B. **Failure to Address the Merits of the Petition**

Rykard next argues that the R&R fails to address the merits of the Petition. First, he argues that the R&R recommends dismissal "without a full explanation as to why each of the seven issues would not warrant review." Obj. R&R, p. 3, ¶ 3; Mot. Supp. at 1, ¶ 3 (ECF No. 29). Then he argues that the R&R "dismisses ground number five related to the unknown tacit agreement between the Commonwealth and Rosario Casanova and Rachel Rakita, which also violated Brady" without "address[ing] that point." Obj. R&R, p. 3, ¶ 3.

As to his first point, Rykard's objection is completely baseless. Magistrate Judge Perkin construed a total of eighteen claims from the Petition and Rykard's supplemental filings. R&R at 3. The R&R addresses each of these claims, dismissing eleven as being barred by the statute of limitations and dismissing the remaining seven claims after addressing their merit. R&R at 9-

13. Prior to dismissing the untimely claims, Magistrate Judge Perkin even addressed why they could not be saved by the doctrine of equitable tolling. R&R at 12-13.

Turning to his second argument regarding the "tacit agreements," Rykard's objection is also without merit. The R&R addresses the alleged tacit agreement between the Commonwealth and Barbara Hamm, Rachel Rikita, and Lizyvette Rosario-Casanova as potential violations of *Brady v. Maryland*, 373 U.S. 83 (1963) at length. R&R at 23-29. Magistrate Judge Perkin addressed the alleged *Brady* violations with respect to each witness independently based upon an thorough review of the record. This Court's own independent review of the record supports the the findings and recommendations set forth in the R&R as to each witness. Mr. Rykard also alleged ineffective assistance of counsel due to trial counsel's failure to raise and preserve these alleged *Brady* violations. R&R at 23. However, Magistrate Judge Perkin noted that such a claim could not exist where Rykard is claiming that the Commonwealth concealed agreements. R&R at 23. If Rykard's trial counsel knew of the *Brady* material, Rykard would have no *Brady* claim.

As to Ms. Rosario-Casanova, the R&R addresses the alleged *Brady* violation against her even though Rykard's claim is procedurally defaulted. *See* R&R at 23-24. Notwithstanding that point, Magistrate Judge Perkin still looked at the merits of his argument that Ms. Rosario-Casanova was facing a life sentence and there was a "tacit agreement between her and the Commonwealth" that biased her testimony against him. R&R at 23. However, there is no record evidence that any agreement existed between her and the Commonwealth at the time of Rykard's trial, R&R at 25; N.T. 3/5/2008 at 535:8-10 (ECF No. 8-5, p. 78),[3] and the jury was aware of her

---

[3] Q: Have any promises been made to you by the Commonwealth? A: No.

potential life sentence. R&R at 26; N.T. 3/5/2008 at 537:24-538:2).[4] Thus, the jury was aware of how her impending sentence might color her testimony.

The R&R next considered Rykard's allegations regarding Ms. Rikita and her alleged agreement with the Commonwealth. R&R at 26. Rykard argued Ms. Rikita's testimony that she didn't have a deal with the Commonwealth was false. R&R at 26. However, Magistrate Judge Perkin identified the testimony at issue, quoted it in the R&R, and explained that Rykard was mischaracterizing Ms. Rikita's testimony. R&R at 27. Ms. Rikita did testify that she did not have an agreement with the Commonwealth, but she also stated that she expected leniency in her sentence for testifying. R&R at 27. Thus, the record demonstrates that the jury was aware of her potential bias and Mr. Rykard has not provided any evidence to the contrary. R&R at 27.

Moreover, as an aside, as to Ms. Rosario-Casanova and Ms. Rakita, given their criminal involvement, Judge Reinaker, who presided over the trial in this matter, instructed the jury to regard each of them as an accomplice in this crime and to view their testimony "with disfavor because it comes from a corrupt and polluted source." N.T. 3/12/18 at 1444:1-9.

Finally, turning to Ms. Hamm, Rykard argues that her "probation sentence to a misdemeanor charge" evidences an agreement between her and the Commonwealth of which the jury should have been informed. Br. ISO Pet. at 8-9 (ECF No. 1-2). However, as Rykard notes in his brief, Ms. Hamm was charged with possession of drug paraphernalia – a misdemeanor – to which she pled guilty and was sentenced several months before Rykard's trial. Thus, Magistrate Judge Perkin found no evidence of a *Brady* violation, and this Court agrees. R&R at 28.

---

[4] Q: You lied because you knew you were facing very serious charges? A: Yes. Q: That could result in spending the rest of your life in prison? A: Yes.

### C. Admission of Certain Photographic Evidence

In Grounds II and III of his Petition, Rykard argues that the trial Court abused its discretion by admitting certain photographs into evidence, including: (1) demonstrative photographs of injuries consistent with a "pistol whipping" from a rifle stock; and (2) photographs of him hours after the shooting. Br. ISO Pet. at 4-6. The R&R addressees each claim and dismisses them because Rykard is challenging rulings under state rules of evidence based on state case law without raising a federal constitutional challenge. Rule 1925b Stmnt. at ¶¶ 4-7, (ECF No. 8-2, pp. 111-112); Rule 1925(a) Opinion at 1-5 (ECF No. 8-2, pp. 124-128). As correctly analyzed in the R&R, neither of these claims state a violation of clearly established federal law and thus do not demonstrate an entitlement to relief. To the extent Rykard tried to assert a federal constitutional violation by citing to *Bisaccia v. New Jersey Attorney General*, 623 F.2d 307, 309 (3d Cir. 1980) (addressing an evidentiary ruling regarding defendant's Sixth Amendment confrontation right), in his Petition, that was the first time he did so and Magistrate Judge Perkins appropriately dismissed these claims as procedurally defaulted.

Rykard also argued that the R&R does not address his claims that he received ineffective assistance of counsel due to trial counsel allowing the evidence to be admitted and appellate counsel failing to attach the photographs to the brief for his first PCRA petition. As to trial counsel, this Court cannot review that claim for the reasons mentioned above. Regarding appellate counsel, as discussed in Section II.B., *supra*, Rykard's appointed appellate counsel for his first PCRA withdrew from his case after filing a valid "no merit" letter. Thus, an ineffective assistance of counsel claim against Mr. Pugh is baseless.

### D. Claims Raised as "New Evidence" in Motion to Supplement

Finally, in his Motion to Supplement, Rykard sets forth two claims that he believes constitute new evidence warranting an evidentiary hearing or new trial. First, he argues that his second-degree murder charge cannot stand because his robbery charge was *nolle prossed* – or dismissed – by the Commonwealth. Mot. Supp. at 1-2, ¶ 4. Thus, according to Rykard, there is no predicate offense upon which to find the malice element necessary for a second-degree murder conviction. *Id*. He also claims that his trial attorney's failure to object to the absence of a "felony predicate offense" due to the Commonwealth's dismissal constitutes ineffective assistance of counsel. This issue has not been raised in a prior filing, nor was it raised before Magistrate Judge Perkin as required by this Court's Local Rules.[5] It is therefore procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). However, Rykard argues that this claim constitutes new evidence demonstrating that he is entitled to a new trial. The Court will thus construe his belief that this is new evidence – though unfounded – as arguing for the Court to review his defaulted claim due to a showing of adequate cause and actual prejudice, or the result of a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750.

At his Sentencing, held on April 1, 2008, the Court addressed "Information 266 of 277" against Rykard for which he was found guilty of one count of second-degree murder. N.T. 4/1/2008, 2:3-9 (ECF No. 8-2, p. 104). Rykard argues that his sentence was improper because the count for robbery that was also set forth in Information 266 of 277 was *nolle prossed*. Thus, Rykard contends that his second-degree murder conviction is without legal basis because there

---

[5] *See* Order dated June 6, 2013 (ECF No. 2); Local Civil Rule 72.1.IV(c): "[a]ll issues and evidence shall be presented to the magistrate judge[], and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."

was no underlying predicate offense satisfying the malice – specific intent requirement – of his second-degree murder conviction. Mot. Supp. at 2. He argues that the Third Circuit's recent decision in *Reeves v. Fayette SCI* permits him to proceed with this argument, despite its procedural default, because it constitutes new evidence upon which a new trial may be granted.

Rykard was charged with three felony counts in Information 266-2007 (referred to by Rykard as 266 of 277): Criminal Homicide, in violation of 18 P.S. § 2501; Robbery, in violation of 18 P.S. 3701(A)(1)(ii)(iii)(v); and Criminal Conspiracy-Robbery, in violation of 18 P.S. 903(A)(1). Information (ECF No. 8-4, p. 33). At his sentencing, the Court ordered, on the Commonwealth's request that: "the charges of robbery and criminal conspiracy on Information 266 of 2007 are nol-prossed [sic]. And with regard to Information 267 of 2007, all of those charges are nol-prossed, as well." N.T. 4/1/2008, 6:3-7 (ECF No. 8-2, p. 104); Sent. Order 4/1/08 (ECF No. 8-2, p. 177).

However, Rykard's claim ignores that the jury found him guilty of killing the victim, while committing a robbery, in furtherance of the robbery, with malice that could be inferred from robbery being an inherently dangerous crime. N.T. 4/1/2008, 3:3-7 (ECF No. 8-2, p. 105); *see also* N.T. 3/12/18 at 1456:15-1457:17; 1459-5-15; 1490:25-1491:3 Thus, even though the Commonwealth ultimately dismissed the Robbery and Criminal Conspiracy-Robbery counts at sentencing, that has no bearing on Rykard's second-degree murder verdict based on a finding that he killed the victim during the commission of and in furtherance of a robbery. Moreover, though Rykard may have recently come to his interpretation of the felony murder rule, he has not actually set forth new evidence, and this claim is procedurally defaulted as the Motion to Supplement is the first time it has been raised. Indeed, even if this could be considered new

evidence – which, again, it is not given all of the relevant information is in the transcript of his trial – Rykard has misapprehended the legal import of his robbery count being *nolle prossed*.

Rykard's last new argument in his Motion to Supplement is that his trial attorney failed to present the statement of Jaime Shepler regarding a man named "Jamaica" that Rykard believes would have helped his case. Rykard relies upon *Reeves v. Fayette* to get around this claim being procedurally defaulted given his Motion to Supplement is the first time it has been raised. Rykard argues that this evidence constituted exculpatory evidence demonstrating his actual innocence, and his trial attorney's failure to present it makes it "new evidence" and excuses any procedural default. However, in face of the eye witness, expert testimony, and physical evidence amassed, which the jury relied upon in reaching its verdict, the Court finds that it is not more likely than not that a reasonable juror would not have convicted him in light of this evidence. *Reeves*, 897 F.3d at 160. Thus, this claim is dismissed.

## CONCLUSION

Accordingly, having carefully and independently reviewed the record, recommendations in the R&R, and Rykard's objections as set forth in the Objections and the Motion to Supplement, the R&R will be approved and adopted *in toto*, the Objections and Motion to Supplement will be overruled, and the Petition dismissed. Because Rykard has made no showing, let alone a "substantial showing," of the denial of a constitutional right, this Court finds no probable cause upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II    J.